**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: August 22 2016

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-30662 |
| | ) | |
| Carmel Chrisman, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor(s). | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |

### ORDER

The court held a hearing on August 11, 2016, on Debtor's Motion to Reopen Chapter 7 Case ("Motion"). [Doc. # 17]. Although Debtor originally represented herself in filing this case, she was assisted by counsel in asking to have it reopened. Counsel appeared by telephone at the hearing.

Debtor asks to reopen this administratively closed case in order to extend the time to file and to file a certificate of completion of a post-petition financial management instructional course with the ultimate goal of obtaining her Chapter 7 discharge. She commenced this case by filing her Chapter 7 petition and other required documents on February 12, 2009. She listed 54 general unsecured debts totaling $48,624.00 on her schedules and no secured or priority debts. The Chapter 7 Trustee determined there were no assets for distribution to creditors so they did not receive any payment through the case. The court closed the case without a discharge on June 17, 2009, because the certificate of completion was not filed. The Clerk mailed notice of the case being closed without discharge to Debtor and all of her creditors on July 19, 2009. [Doc.

# 16]. The docket does not show the mailing to Debtor or any creditor as having been returned to the court as undeliverable.

Debtor filed this Motion asking to reopen the case in order to file the missing certificate of completion on August 1, 2016. Although the case was not reopened at the time, Debtor also filed on August 1, 2016, the certificate on the required official bankruptcy form. [Doc. # 18].[1] The certificate shows that she did not take the required post-petition financial management instructional class until July 26, 2016. No objections to the Motion were filed.

Motions to reopen a case are governed by 11 U..S.C. § 350(b), which allows a court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." The movant bears the burden of proof. *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539 (6th Cir. 1985). A decision to reopen is at the discretion of the court. *Id.* To make the decision, courts may consider "the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001).

Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system. The bankruptcy rules set the procedure for showing the court that the requirement has been met in order to enter a discharge. If the course provider does not notify the court that a debtor took the class after she filed her bankruptcy case, then the debtor is responsible for filing a certification on the appropriate Official Form. Fed. R. Bankr. P. 1007(b)(7)(A). The bankruptcy rules also set a deadline for completing the certification process. In a Chapter 7 case, the deadline is 60 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 1007(c).

In this case, the first (and only) date set for the meeting of creditors was April 13, 2009. As a result, Debtor's deadline for meeting the requirements of § 727(a)(11) and Bankruptcy Rule 1007(b)(7)(A) was June 12, 2009. The Trustee having completed administration of the case and no certification of participation in a post-petition financial management course having been filed by Debtor, the case was administratively

---

[1] The Official Form number changed. When Debtor filed the case in 2009, the required certificate was Official Form 23. Effective December 1, 2015, the required certificate is updated and renumbered as Official Form 423. Debtor filed her certificate on the updated Official Form 423 in effect when she took the class.

closed by the Clerk on June 17, 2009, without entry of a discharge for Debtor. The notice of closing of the case without discharge sent by the Clerk to Debtor and all of her creditors on June 19, 2009 states: "All creditors and parties in interest are notified that the above-captioned case has been closed without discharge as Debtor did not file Official Form 23, Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management." [Doc. ## 15, 16].

The ultimate goal of reopening this case is for Debtor to obtain her Chapter 7 discharge. Thus, when a motion to do so for that purpose is timely filed, cause is implicit. Once the deadline in the Bankruptcy Rules has not been met, compliance is already untimely. "But if the oversight is quickly rectified, the potential prejudice to creditors is minimized. The longer the delay, the greater the potential for prejudice." *In re Heinbuch*, Case No. 06-60670, 2016 Bankr. LEXIS 1111, *8, 2016 WL 1417913, *3 (Bankr. N,D. Ohio April 7, 2016)(Kendig, J.). While the court continues to encounter this issue since 2005, a circumstance that baffles the court, the seven year delay in this case is extreme. By way of comparison, Congress also imposed in BAPCPA an eight year bar on filing a new Chapter 7 case after a prior Chapter 7 case in which a discharge was received. 11 U.S.C. § 727(a)(8). We're almost there had Debtor timely met her obligation to participate in a financial management instructional course and received her discharge. Another judge of this court has thoughtfully described the problem with a delay of this magnitude as follows:

> The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening years and denigrates its purpose. Moreover, it maligns the integrity of the system and its fairness to all parties....It is unfair to creditors to allow a debtor to avoid the responsibilities established by the bankruptcy code and rules, only to later want to fulfill those requirements when faced with a resulting unpleasantness.

*Id.* Although the seven year delay in *Heinbuch* occurred in a Chapter 13 case, Judge Kendig's reasoning is equally, if not more, apt in the instant Chapter 7 case.

In addressing motions to reopen to effect delayed compliance with the § 727(a)(11) educational requirement and filing evidence of compliance with it, other courts have adopted the following four part test: (1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced. *Id; In re Johnson,* 500 B.R.

3

594, 597 (Bankr. D. Minn. 2013); *In re McGuiness*, BK No. 08-10746, 2015 WL 6395655 (Bankr. D.R.I. Oct. 22, 2015)(motion to reopen denied in another Chapter 7 case involving a seven year delay in compliance, where the debtor argued a medical condition explained the delay). The court agrees that this framework makes sense.

Debtor offers no explanation for her seven year delay in compliance. The delay in the request to reopen is one that the court characterizes as extreme, even in the context of such delays that mystifyingly continue to occur more than ten years after Congress added this requirement to the Bankruptcy Code. Fault does not lie in this case with counsel, as Debtor represented herself in filing this case. She used a petition preparer to prepare her petition and schedules for her, [Doc. # 1, p. 3/58], and counsel suggested that the petition preparer did not prepare the Official Form 23. As a pro se debtor, it is nevertheless Debtor's ultimate responsibility to be aware of and comply with the filing basics. Indeed a petition preparer advising of this requirement would be exceeding the scope of his or her permissible activities, which is just preparing documents from information provided by a debtor. Debtors are not excused from this or other requirements of the statute because they do not have a lawyer or because they relied on a petition preparer.

As to prejudice to creditors, the court notes that there are a large number of general unsecured debts (54) listed as totaling $48,624.00 in debt. [Doc. # 1, pp. 18-28/58]. The docket shows that court has now been receiving returned mail from many of them, when it did not when the case was open or immediately after initial closure. To spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating that unknown discharge, is simply unfair. The equities of the case do not tilt in Debtor's favor.

Lastly, the court notes that the delay here is not just in simply filing the appropriate Official Form evidencing timely compliance with the instructional requirement. Rather neither the instructional component nor the paperwork component were timely accomplished. The Congressional purpose in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge has been completely stymied in this case. *In re Kapsin*, 265 B.R. at 780.

**IT IS THEREFORE ORDERED** that Debtor's Motion to Reopen this Chapter 7 Case [Doc. # 17] be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** that the Official Form 423 filed in this case while closed, at Doc. # 18, shall be treated as stricken from the record of this case.

###

4